IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Triston A. Davis (R-56357), | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 17 C 3045 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| Officer Lee, | ) ) ) |  |
| Defendant. | ) |  |

## ORDER

Defendant's motion to dismiss [23] is granted. Plaintiff's amended complaint and this case are dismissed. Final judgment will be entered. Civil case terminated. All other pending motions terminated as moot.

## STATEMENT

Plaintiff, Triston A. Davis, a prisoner at the Illinois River Correctional Center, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Following initial review under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed on a claim that he was falsely arrested and detained on a drug charge. Currently before the Court is Defendant's motion to dismiss this suit as barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (a civil rights suit for damages cannot proceed if its success would necessarily call into question the validity of a conviction, unless that conviction has been invalidated in a proceeding appropriate for challenging a conviction). (Dkt. 23.) Plaintiff has responded. (Dkt. 27.) For the following reasons, the Court grants Defendant's motion.

Plaintiff alleged the following facts in his amended complaint that are relevant to this motion. Plaintiff was convicted of delivery of a controlled substance. (Dkt. 11, pg. 3-5.)[1] On the

---

[1] Plaintiff's amended complaint includes no dates, but according to a search on IDOC's inmate website, Plaintiff was arrested and convicted in 2016. The Court may take judicial notice of these public records as to which there is no reasonable ground for dispute and as to which the Court refers not to determine the underlying facts about the conduct that led to the plaintiff's conviction but only to the facts as to what occurred during the course of the defendant's state court prosecution. *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (court properly "took judicial notice of the dates on which certain actions were taken or were required to be taken in the earlier state-court litigation—facts readily ascertainable from the public court record and not subject to reasonable dispute"). *See also Hooks v. City of Batavia*, No. 13 C 1857, 2014 WL 114152, at *1 (N.D. Ill. Jan. 10, 2014) (quoting *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996)

day of his arrest, Plaintiff was smoking a cigarette with a friend. (*Id.*) A woman approached Plaintiff looking for drugs; he told her that he did not have any drugs. (*Id.*) A man repeatedly drove by in a black car, until Plaintiff looked at him. (*Id.*) The man asked for drugs; Plaintiff told him he did not have any. (*Id.*) Plaintiff then went to his friend's house to get painting supplies. (*Id.*) His friend went into the house, and Plaintiff waited outside on the sidewalk. (*Id.*) The man in the black car again walked up to Plaintiff looking for drugs, and Plaintiff again told him he did not have any. (*Id.*) Plaintiff then walked off, but when he came back, a Chicago Police Officer stopped and frisked him, handcuffed him, and put him in a police car. (*Id.*) The Officer also searched the area where Plaintiff had walked to his friend's house. (*Id.*) No drugs or pre-recorded bills were found on Plaintiff or in the area. (*Id.*) The Officer nonetheless told him that he had sold drugs to an undercover police officer and arrested him. (*Id.*) A copy of his arrest report, which states that no additional drugs were found on Plaintiff, was not introduced to the grand jury. (*Id.,* pg. 4.)

Based on these allegations, the Court allowed Plaintiff to proceed on a Fourth Amendment false arrest/unlawful detention claim against named-Defendant Officer Lee (who appeared to be one of the arresting officers). (Dkt. 10.) It appeared that Plaintiff was suggesting that either the officers misidentified him as the drug seller or fabricated the undercover sale. The Court did note that throughout the amended complaint, Plaintiff also attacked his conviction on the same basis that he attacked his arrest: namely that the evidence of an undercover drug sale was lacking because no pre-recorded funds or additional drugs were found on Plaintiff's person at the time of his arrest. The Court explained that any claim attacking his conviction was *Heck* barred. The Court also warned Plaintiff that given the nature of his allegations, *i.e.,* that the evidence of an undercover drug buy remained insufficient even at trial, further development of the factual record in this case might very well show that Plaintiff's false arrest claim was *Heck* barred as well. But the Court explained that it could not make that determination at the screening stage without an understanding of what evidence formed the basis of his conviction, specifically whether that evidence differed from the evidence supplying the probable cause for arrest.

Defendant has now supplied that information. Defendant has attached the transcripts of Plaintiff's bench trial and a hearing for a new trial in his criminal matter, of which this Court may take judicial notice as to what occurred at the trial (*supra*, note 1). The undercover purchasing officer testified that he told Plaintiff he wanted to purchase two dime bags of crack cocaine, that he gave Plaintiff $20 in pre-recorded funds, that Plaintiff then walked up to the door of a residence at which point he was out of the officer's sight, and then returned a few minutes later with three unpackaged chunks of crack cocaine. (Dkt. 23-1, pg. 14-16.) The officer testified that after the sale Plaintiff walked away through an alley and out of view. (*Id.*, pg. 17.) Plaintiff was arrested 15 minutes later by other members of the enforcement team just up the street from where the transaction had taken place, and the purchasing officer went to that location and identified Plaintiff as the person that had sold him the crack cocaine. (*Id.*, pg. 18.) A second

---

(courts "can take judicial notice of other proceedings that 'have a direct relation to [the] matters at issue'").

2

officer, who was in a covert vehicle during these events, also testified. He observed the purchasing officer interact with Plaintiff and hand Plaintiff the funds, was able to see Plaintiff's face during these interactions, and also identified Plaintiff. (*Id.*, pg. 35-41.) The Court found Plaintiff guilty of delivery of a controlled substance based on the fact that crack cocaine was given to the officer, it tested positive, and both testifying officers identified Plaintiff as the person who handed the drugs to the purchasing officer. (*Id.*, pg. 58-59.) The Court explained that the purchasing officer's identification of Plaintiff came after he actually had several face-to-face conversations with him. (*Id.*) Although Defense counsel argued that the pre-recorded funds were not recovered on Plaintiff when he was detained, the Court noted that recovery of the funds is not an element of the offense. (*Id.*) The Court further explained that the fact that the drugs were not packaged suggested that Plaintiff was not keeping them on his person and there was a reasonable inference to be drawn that Plaintiff divested himself of the funds at the same location where he was keeping the drugs. (*Id.*; Dkt. 23-2, pg. 10-12.) Defendant now argues that the criminal court's finding of guilt based on this evidence directly contravenes Plaintiff's claim of false arrest and unlawful detention. (Dkt. 23, pg. 4-5.)

When considering a motion to dismiss, a court assumes all well-pled allegations are true and views the alleged facts, as well as any reasonable inferences drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Marshall–Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of its claims, or determine a plaintiff's ultimate ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Under the federal notice-pleading requirement, a complaint need provide only "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Put differently, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Despite the lenient pleading standard, dismissal of a case is proper if a plaintiff pleads facts demonstrating, or the materials reviewable by a court addressing a motion to dismiss show, that no valid claim for relief exists. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

In *Heck*, the Supreme Court held that a § 1983 claim cannot proceed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . . unless the plaintiff can demonstrate that the conviction . . . has already been invalidated." 512 U.S. at 487. Plaintiff's conviction has not been invalidated, he is still serving a sentence for that conviction, and he cannot bring a § 1983 claim if success on the claim would necessarily imply that his conviction is invalid.

"Many claims that concern how police conduct searches or arrests are compatible with a conviction." *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) (quoting *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)). Often, "[w]hether the arresting officer had probable cause to arrest the plaintiff ha[s] no bearing on the validity of the guilty plea and conviction." *Rollins v. Willett*, 770

F.3d 575, 576-77 (7th Cir. 2014); *see also Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).

But this is not to say that allegations of false arrest are never *Heck* barred. The Seventh Circuit Court of Appeals, and this Court as well, has held on numerous occasions that a § 1983 plaintiff "may plead himself into a *Heck* bar by insisting on facts inconsistent with his guilt." *Easterling v. Moeller*, 334 Fed. Appx. 22, 24 (7th Cir. 2009). If a plaintiff alleges he committed no offense or that officers planted the evidence upon which his conviction was based, success on such claims would necessarily imply his conviction is invalid. *See Gordon v. Miller*, 528 Fed. Appx. 673, 674 (7th Cir. 2013) (a § 1983 claim is *Heck*-barred where a plaintiff "insists that the arrest and prosecutions were wrongful because he never" committed the offense); *see also Rollins,* 770 F.3d at 576 ("So suppose a defendant convicted of possessing illegal drugs found on his person sued the officer who had found the drugs, alleging that the officer planted them. If he won the suit, it would imply the invalidity of his drug conviction."); *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003) (explaining that Plaintiff's "steadfast[]" adherence "to his position that there were no drugs, that he was framed" constituted a collateral attack on his conviction barred by *Heck*).

Here Plaintiff's allegations and arguments equate to a denial that he committed a crime. He alleges a version of events where he refused to sell drugs to various would-be customers, and walked away from them not to retrieve drugs, but instead to retrieve painting supplies. His allegations that he committed no crime necessarily imply the invalidity of his conviction. *See Gordon,* 528 Fed. Appx. at 674; *Rollins,* 770 F.3d at 576; *Okoro,* 324 F.3d at 490. In his response to Defendant's motion to dismiss, Plaintiff asserts that his claim is for "police misconduct" and is "not related to . . . judicial rulings." (Dkt. 27, pg. 5.) He also emphasizes that his false arrest claim is premised primarily on the evidence that was absent at the time of arrest, namely the fact that no pre-recorded funds or additional drugs were found on his person during the frisk. (*Id.*, pg. 6.) But this framing of the issues does not avoid a *Heck* bar. *See Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (explaining that "'[i]mply' [the invalidity of a conviction] is not synonymous with 'invalidate'".). The result of the frisk is relevant only because it conceivably tends to negate that Plaintiff sold drugs to the officers. And key for *Heck* purposes is the fact that the pre-recorded funds or additional drugs were *never* found. Plaintiff was convicted based upon the same evidence that supplied the probable cause for his arrest: the undercover officer's identification of Plaintiff as the person who sold him crack cocaine. The criminal court considered defense counsel's argument that Plaintiff should not be convicted absent recovery of the pre-recorded funds, but inferred that Plaintiff had divested himself of the funds at the same location where he retrieved the drugs, and the court found the other evidence sufficient to convict. If this Court were to ultimately conclude that Plaintiff's arrest lacked probable cause because the frisk turned up empty, that finding would at the very least "cast a shadow" over a conviction, *see Hill,* 785 F.3d at 248, that was secured based upon the same evidence that supported the arrest, given that the burden of proof to convict is far greater than the probable cause standard. "This *Heck* forbids." *Id.*

*Heck* thus bars Plaintiff's false arrest/unlawful detention claim. Plaintiff cannot proceed with his § 1983 claim unless and until his conviction is invalidated through a proceeding designed to address the validity of convictions (a direct appeal, state petition for post-conviction relief, federal petition for habeas corpus relief, or a pardon by an official with such authority).

Accordingly, for the reasons stated herein, Defendant's motion to dismiss is granted. Plaintiff's complaint and this case are dismissed. The dismissal is without prejudice to the reassertion of Plaintiff's Fourth Amendment claim if his conviction is invalidated, but this case is terminated. The clerk is directed to close this case.

This is a final and appealable order. If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment and pay the $505.00 filing fee. Fed. R. App. P. 4(a)(1). If plaintiff cannot prepay the filing fee, he may file another *in forma pauperis* application to pay the fee in installments. The fee must be paid regardless of the appeal's outcome; however, if Plaintiff is successful, he may be able to shift the cost to Defendant. *See* Fed. R. App. P. 39(a)(3); *Thomas v. Zatecky,* 712 F.3d 1004, 1005 (7th Cir. 2013) ("A litigant who proceeds *in forma pauperis* still owes the fees. If he wins, the fees are shifted to the adversary as part of the costs; if he loses, the fees are payable like any other debt."). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit or appeal a judgment in federal court without prepaying the filing fee, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Date:  6/8/2018                              /s/    John J. Tharp, Jr.
                                             John J. Tharp, Jr.
                                             United States District Judge